IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON RUSNAK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Civil Action No. 05-130 |
| | ) | Judge Terrence F. McVerry |
| AETNA LIFE INSURANCE | ) | Magistrate Judge Amy Reynolds Hay |
| COMPANY, | ) | |
|     Defendant. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss submitted on behalf of the defendant (Docket No. 7) be denied.

II.    Report

Plaintiff, Sharon Rusnak, brings this action against Defendant, Aetna Life Insurance Company ("Aetna"), asserting claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1100-1145 (ERISA). She alleges that Aetna failed to pay her long-term disability benefits, that it breached its fiduciary duties to her and that it failed to provide plan documents that she requested.

Presently before this Court for disposition is a motion to dismiss brought by the Defendant pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Aetna argues that all three counts of the complaint fail to state a claim upon which relief can be granted. It also argues that Plaintiff has failed to join her employer, a necessary party. For the reasons that follow, the motion should be denied.

Facts

Plaintiff was employed by Concentra Managed Care, Inc. ("Concentra") as a field-based case manager from May 15, 2000 to February 9, 2001, when she alleges that she became disabled as a result of a rear-end motor vehicle accident which caused extreme pain in her lower extremities and was diagnosed as a cervical myelopathy. (Compl. ¶ 4.) As a Concentra employee, Plaintiff was a participant in a long-term disability plan which was maintained through a policy underwritten by Aetna. She contributed to the premiums to maintain coverage under the plan, under which, in the event of a disability, she was to be paid 60% of her monthly pre-disability earnings after a waiting period of 90 days. (Compl. ¶ 6.) She alleges that she never received a copy of the plan or a Summary Plan Description ("SPD"). (Compl. ¶ 7.)

On February 26, 2001, after the accident, Aetna approved payment to Plaintiff of short-term disability benefits. (Compl. ¶ 8.) At the end of the 90-day waiting period, she applied for long-term disability benefits under the plan. (Compl. ¶ 9.) She requested a copy of the plan from her employer, but was told that it was a new plan and was not yet available. (Compl. ¶ 10.) She alleges that, on August 6, 2001, October 3, 2001 and numerous other occasions, she requested from Aetna, both orally and in writing, copies of the plan, but Aetna refused to provide a copy and, on one occasion, an Aetna employee even told her it was illegal to provide her with a copy of the plan. (Compl. ¶ 11.)

Finally, on August 28, 2002, Plaintiff's attorney requested a copy of the plan from Concentra and, on September 16, 2002, the attorney received a Summary of Coverage, which is only a portion of the SPD and is not the plan. (Compl. ¶ 12 & Ex. A.) The Summary of Coverage provides the only definition of disability given to Plaintiff, and it states as follows:

2

> If, solely due to disease or injury, you are unable to earn more than 80% of your adjusted predisability earnings, you will not be deemed to have performed the material duties of your own occupation on that date.

(Compl. Ex. A.)

Plaintiff submitted medical records from all of her treating physicians at the time of and subsequent to the accident. She alleges that these records showed that, after February 9, 2001, she suffered from cervical myelopathy, which caused spasticity of the muscles lateral to the tibia on both legs, frequent and painful cramping of the muscles in both calves and the left anterior thigh, difficulty in walking due to gait disturbances, pain, ankle twisting and loss of balance, and inability to sit or stand for more than 15 minutes, as paresthesis and tremor set into her leg and occasionally into her arms. She also alleges that she was unable to earn more than 80% of her predisability earnings solely due to her injuries from the accident. (Compl. ¶ 14-15.)

Plaintiff alleges that Aetna delayed a decision on her claim and after requesting further information, which she supplied, it denied her request for long-term disability in a letter dated August 7, 2001. She notes that the denial was based on an alleged exclusion in the policy which is not mentioned in the Summary of Coverage and that Aetna relied on a view of her job responsibilities that erroneously classified her job as sedentary. (Compl. ¶ 17.)

She filed a timely administrative appeal of the decision. She alleges that, after unexplained delays beyond the 60 days in which the appeal was to be decided, and despite the fact that she submitted medical information clearly demonstrating that she was disabled as a result of the February 9, 2001 accident, Aetna denied the appeal on February 28, 2002. She notes that Aetna did not request that she undergo an examination by an independent doctor. (Compl. ¶¶ 20-21.)

Procedural History

Plaintiff filed this action on February 4, 2005. In Count I, she alleges that Defendant failed to pay her benefits under the plan for which she was qualified, in violation of 29 U.S.C. § 1132(a)(1)(B). In Count II, she alleges that Defendant breached its fiduciary duties to her by failing to act for her exclusive benefit and failing to act in accordance with the Summary of Coverage, the only plan document provided to her, in violation of 29 U.S.C. § 1132(a)(3). In Count III, she alleges that Defendant failed to provide her with requested plan documents, in violation of 29 U.S.C. § 1132(a)(1)(A) and (c). On May 4, 2005, Defendant filed a motion to dismiss.

Standard of Review for Rule 12(b)(6) Motion

A motion to dismiss must be viewed in the light most favorable to plaintiff and all well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). See also National Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Williams, 490 U.S. at 323; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.... [In addition,] a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.

<u>Pension Benefit Guaranty Corp. v. White Consolidated Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Thus, the Court may examine the Summary of Coverage that is attached to the complaint. Defendant has not attached any other documents to its motion to dismiss. Moreover, even if it had done so, because Plaintiff alleges that no other documents were provided to her, Defendant could not argue for dismissal based upon documents that Plaintiff requested but which were not provided to her.

Defendant argues that: 1) Count I fails to state a claim because the threshold criteria to be eligible for short-term disability benefits are lower than and differ significantly from the eligibility criteria to receive long-term disability benefits; 2) Count II fails to state a claim because Aetna was not the plan administrator and it therefore could not have breached any fiduciary duties to her; and 3) Count III fails to state a claim because it was the responsibility of the employer, not Aetna, to provide Plaintiff with the requested plan documents.

<u>Nature of Plaintiff's Claims</u>

ERISA section 502(a)(1)(B) provides that a civil action may be brought:

(1) by a participant or beneficiary--

    (A) for the relief provided in subsection (c) of this section, or

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

    . . .

(3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...

29 U.S.C. § 1132(a). Subsection (c) provides that:

> Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1).

<u>Count I – Denial of Benefits</u>

In Count I, Plaintiff alleges that Aetna wrongfully denied her request for long-term disability benefits under the plan. Defendant argues that the criteria for eligibility to receive long-term disability benefits are different and more stringent than those for receiving short-term disability benefits. However, its argument is based on alleged criteria in documents that it has not submitted and which Plaintiff alleges were not provided to her. In the Summary of Coverage, the only document Plaintiff alleges she was provided, the only criterion for the receipt of long-term disability is that an employee be unable to earn more than 80% of her adjusted predisability earnings. Plaintiff contends that she can make a prima facie showing of her disability with physicians' reports, as she is required to do under the law. <u>Lasser v. Reliance Standard Life Ins. Co.</u>, 344 F.3d 381, 391 (3d Cir. 2003), <u>cert. denied</u>, 541 U.S. 1063 (2004). Defendant's motion to dismiss Count I should be denied.

<u>Count II – Breach of Fiduciary Duty</u>

In Count II, Plaintiff alleges that Aetna breached its fiduciary duties to her by failing to act exclusively in her interest and by relying upon alleged exclusions in plan documents that it

6

did not provide to her.[1] She specifically alleges that Aetna is a fiduciary within the meaning of 29 U.S.C. §§ 1002(21) and 1102, that it based its denial of her claim on an alleged exclusion in the policy which is not mentioned in the Summary of Coverage, that it misconstrued her job responsibilities and medical condition and that it delayed the appeal of her claim without explanation.

Defendant argues that it was not the plan administrator and it therefore could not have breached any fiduciary duties to her. It notes that even the Summary of Coverage provided to Plaintiff defines Concentra as the plan administrator, who was responsible for providing her with the plan documents she allegedly did not receive.

To state a claim under for breach of fiduciary duty pursuant to § 1132(a)(3)(B), a plaintiff must allege that: 1) the defendant is an ERISA fiduciary; 2) the defendant made a misrepresentation; 3) the misrepresentation was a material one; and 4) the plaintiff detrimentally relied on the misrepresentation. Burstein v. Retirement Account Plan for Employees of Allegheny Health Edu. & Research Found., 334 F.3d 365, 384 (3d Cir. 2003) (citation omitted). The court noted that "ERISA ... defines 'fiduciary' not in terms of formal trusteeship, but in *functional* terms of control and authority over the plan." Id. (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993)).

Plaintiff alleges that, at least with respect to the issue of providing benefits, Aetna is a fiduciary under the plan. She further alleges that the statements in the Summary of Coverage, the

---

[1] Under ERISA, a fiduciary is required to discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits, defraying reasonable expenses of administering the plan, with the care, skill, prudence and diligence that a prudent person would use in the conduct of a like enterprise, and in accordance with plan documents and instruments. 29 U.S.C. § 1104(a).

only plan document provided to her, misled her to believe that she satisfied the criteria for obtaining long-term disability benefits under the plan, that this was a material misrepresentation and that she relied on it to her detriment. These allegations are sufficient and Defendant's motion to dismiss Count II should be denied.

### Count III – Failure to Provide Documents

In Count III, Plaintiff alleges that Aetna failed to provide her with requested plan documents. Defendant argues that Plaintiff's employer, as the plan administrator, had the responsibility of providing plan documents to her.

The Court of Appeals for the Third Circuit has held that ERISA section 502(c)(1) must not be read too narrowly. In <u>Romero v. SmithKline Beecham</u>, 309 F.3d 113 (3d Cir. 2002), a former employee brought suit alleging, inter alia, that plan administrator Stanley Serocca had failed to provide her with requested plan documents. The district court concluded that, because Romero had addressed her requests not to Serocca but to other benefits representatives, she could not recover a civil penalty from Serocca.

The Court of Appeals reversed this portion of the district court's judgment, stating as follows:

> We believe that the District Court's reading of section 502(c)(1), 29 U.S.C. § 1132(c)(1), is not compelled by the statutory language and is unduly narrow. Although section 502(c)(1) specifies the address to which a response to a request must be sent-"the last known address of the requesting participant or beneficiary"-it nowhere states that a request for covered information must be served upon or even mailed personally to the plan administrator. Moreover, such a requirement would in some circumstances unreasonably frustrate the evident purposes of the provision. For example, if the plan administrator is changed and a request for information is addressed to the previous administrator but actually reaches the current administrator, we see no reason why section 502(c)(1) should not apply. In addition, there may be other circumstances in which it is not easy for a participant or beneficiary to obtain the name of the administrator. We have

>no doubt that section 502(c)(1) was not meant to impose upon a plan participant or beneficiary seeking information the inflexible requirement of addressing the request to the current plan administrator.

Id. at 119.

Accepting the well-pleaded allegations of the complaint in Plaintiff's favor, she has described a situation in which she requested plan documents from the named plan administrator and received only a Summary of Coverage, a plan fiduciary (Aetna) may have assumed responsibility for providing copies of the plan or should not have denied benefits based on plan language that it refused, upon reasonable request, to provide to her. Therefore, Defendant's motion to dismiss Count III should be denied.

Failure to Join Concentra

Defendant argues, pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, that Plaintiff has failed to join her employer, Concentra, as a necessary party to this suit and therefore the action should be dismissed. The Court of Appeals for the Third Circuit has not addressed the standard of review for a Rule 12(b)(7) motion. However, a number of courts have stated that:

>The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 242 (D.C. Cir. 1981); Martin v. Local 147, Int'l Bro. of Painters, 775 F. Supp. 235, 236-37 (N.D. Ill. 1991); Ashley v. American Airlines, Inc., 738 F. Supp. 783, 788 (S.D.N.Y. 1990). The proponent's burden can be satisfied by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." Martin, 775 F. Supp. at 236 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1359, at 427 (1990)).

Citizen Band of Potawatomi Indian Tribe Okla. v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994).

See also National Org. on Disability v. Tartaglione, No. CIV. A. 01-1923, 2001 WL 1231717, at

*8 (E.D. Pa. Oct. 11, 2001). Defendant has not submitted evidence to support its argument that Concentra is a necessary party to this proceeding.

The Court of Appeals for the Third Circuit has stated that:

> Rule 19(a) states that a party is necessary if either (1) the present parties will be denied complete relief in the absence of the party to be joined, or (2) the absent party will suffer some loss or be put at risk of suffering such a loss if not joined. As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible.

Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998) (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993)).

Under Rule 19(a)(1), the "inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action." Janney, 11 F.3d at 405. Plaintiff asserts that the Court can grant complete relief between her and Aetna. Although Defendant argues otherwise, it has not explained why the Court cannot grant complete relief to the parties already in this action. It has cited no authority to support the argument that an ERISA beneficiary must join her employer or the plan administrator when bringing suit against another fiduciary for failing to pay benefits under the plan or breaching its fiduciary duties.

Defendant has not argued, much less demonstrated, that Concentra is a necessary party pursuant to Rule 19(a)(2), in that a judgment in this case would have an effect on Concentra's interests or that its absence would subject Aetna to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Thus, it has failed to meet its burden of demonstrating that Concentra is a necessary party to this action.

10

Moreover, even if Concentra were a necessary party, Defendant has not argued, much less demonstrated, that it is an indispensable party. The Court of Appeals for the Third Circuit has set the standards for dismissal of an action pursuant to Rule 19:

> Federal Rule of Civil Procedure 19 determines when joinder of a particular party is compulsory. A court must first determine whether a party should be joined if "feasible" under Rule 19(a). If the party should be joined but joinder is not feasible because it would destroy diversity, the court must then determine whether the absent party is "indispensable" under Rule 19(b). If the party is indispensable, the action therefore cannot go forward.

<u>Janney</u>, 11 F.3d at 404 (footnote and citation omitted).

As Plaintiff notes, if Aetna believes that Concentra bears some liability to it in this matter, it can implead Concentra as a third-party defendant pursuant to Rule 14(a). Doing so would not affect this Court's subject matter jurisdiction over this dispute, because federal question jurisdiction pursuant to 28 U.S.C. § 1331 would still be present based on the ERISA nature of the litigation.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of Defendant be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /s/   Amy Reynolds Hay
                                      AMY REYNOLDS HAY
                                      United States Magistrate Judge

Dated:    5 December, 2005

cc:    Hon. Terrence F. McVerry
United States District Judge

Tybe A. Brett, Esquire
Picadio, McCall, Miller & Norton
600 Grant Street
4710 USX Tower
Pittsburgh, PA 15219

Patricia E. Rashiatore, Esquire
Richard B. Sandow, Esquire
Jones, Gregg, Creehan & Gerace
411 Seventh Avenue
Suite 1200
Pittsburgh, PA 15219-1905